## A94A2711. WELCH v. THE STATE.
(454 SE2d 566)

RUFFIN, Judge.

Marvin Welch was convicted of two counts of aggravated assault and two counts of possession of a firearm during the commission of a crime. He appeals from the judgment of conviction and sentence, enumerating as error the sufficiency of the evidence.

Although the testimony varied widely, the material facts, viewed in a light to support the verdict, reveal that Welch and Bennie Lee King were co-workers and neighbors. One evening, while they were arguing in front of King's house, the victim came from his aunt's house across the street and began arguing with Welch. Welch testified that during their exchange, the victim threatened him and made gestures toward the trunk and driver's seat of his car as if he were looking for a weapon. The victim then drove away but returned an hour later and parked in front of King's house. As King and the victim stood on King's front porch, Welch appeared from his home with a rifle, screaming that he was going to kill King, the victim or both. He shot at both men and wounded the victim in the shoulder. King and the victim retreated to King's house, and the gunfire ceased. After

several minutes, when it appeared Welch had left the scene, the victim attempted to leave King's house to get medical attention. As the victim came from the house, Welch reappeared from behind a truck or a chicken coop and resumed shooting. Under fire, the victim managed to get to his car and drive away.

Welch contends there was one continuous assault on the victim and the evidence does not support two aggravated assault convictions and two weapon possession convictions. We disagree. Applying the "actual evidence" test, the second assault and weapon possession charges did not merge into the former charges because the State did not use all of the evidence in proving Welch committed the first assault. See *Montes v. State*, 262 Ga. 473 (1) (421 SE2d 710) (1992); *Grace v. State*, 262 Ga. 746 (2) (425 SE2d 865) (1993). Furthermore, it was not alleged that each of a series of shots fired in quick succession constituted a "renewed assault." See *Montes*, supra at 474-475. Rather, two separate assaults were punctuated by several minutes in which Welch fired no shots; thus, the jury was authorized to find that the first assault was "completed" before Welch resumed shooting. Compare *Davis v. State*, 186 Ga. App. 491 (2) (367 SE2d 884) (1988).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 8, 1995.

*Sam J. Gardner, Jr.,* for appellant.
*H. Lamar Cole, District Attorney, A. Scott Gunn, Assistant District Attorney,* for appellee.