## A00A2109. EGGLESTON v. THE STATE.
### (544 SE2d 722)

BLACKBURN, Chief Judge.

Rashad Eggleston was convicted of aggravated sexual battery and five separate counts of child molestation involving an eleven-year-old girl and was acquitted of raping her. In this appeal, Eggleston contends that the trial court erred by admitting evidence of his prior conviction for public indecency and by refusing to merge the five counts of child molestation. He also asserts that the trial court erred in finding that his trial counsel did not render ineffective assistance. For the reasons discussed below, we affirm.

On appeal, the evidence must be viewed in a light most favorable to the verdict. *Pollard v. State*.[1] When so construed, the evidence established that Eggleston, then age 20, met the victim at a movie theater and inquired as to whether she was sexually active, which

---

[10] *Evans v. State*, 240 Ga. App. 215, 216 (2) (522 SE2d 506) (1999).
[1] *Pollard v. State*, 230 Ga. App. 159 (495 SE2d 629) (1998).

she denied. On the day of the crimes, the victim mistakenly believed that Eggleston and his friend, Khalif Thompson, were giving her and her friend, Alice, a ride to a party. Instead, the girls were taken to an apartment. While there, when the victim refused to accompany Eggleston to the back of the apartment, he picked her up, carried her to a bedroom, and shut the door. When Eggleston suggested that they "do something," the victim declined and told him she wanted to go home. Eggleston then pushed her down onto a bed and tried to get on top of her. She testified that she tried "with all my might" to push him off of her, but could not. Eggleston pulled her panties down and her shirt up and removed his own clothes. He fondled her breasts, forced his penis into her vagina, and told her to rub his chest. After withdrawing his penis, he "played with himself" for awhile in her presence. He also inserted his finger inside her vagina and forced her to rub his penis repeatedly. Afterward, he warned her not to tell anyone because he "could get in serious trouble."

About two weeks later, the victim told her mother what had happened and identified Eggleston as the perpetrator. The victim's family called police, and Eggleston was arrested.

1. Eggleston contends that the trial court erred in admitting as similar transaction evidence his prior conviction for public indecency. He claims that the prior crime lacked sufficient similarity and that its admission violated his right to a fair trial.

Absent an abuse of discretion, a trial court's ruling as to the admissibility of similar transaction evidence will not be disturbed. *Condra v. State*.[2] Further, "[i]n crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony." (Punctuation omitted.) *Gibbins v. State*.[3] "The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses." (Punctuation omitted.) *Livery v. State*.[4] Such evidence is admissible to illustrate a defendant's lustful disposition and to corroborate the testimony of the victim as to the acts charged. *Tucker v. State*.[5] Notwithstanding this exception, the State must still make three affirmative showings: a proper purpose for the use of the evidence, sufficient proof that the defendant did, in fact, commit the independent act, and sufficient similarity or connection between the two incidents so that proof of the former tends to prove the latter. *Williams v. State*.[6] Eggleston focuses

---

[2] *Condra v. State*, 238 Ga. App. 174, 175 (2) (518 SE2d 186) (1999).
[3] *Gibbins v. State*, 229 Ga. App. 896, 899 (4) (495 SE2d 46) (1997).
[4] *Livery v. State*, 233 Ga. App. 332, 334 (1) (a) (503 SE2d 914) (1998).
[5] *Tucker v. State*, 191 Ga. App. 648, 649 (382 SE2d 425) (1989).
[6] *Williams v. State*, 261 Ga. 640, 642 (2) (409 SE2d 649) (1991).

only on the first and third affirmative showings.

The earlier incident occurred when Eggleston exposed himself to an employee at his apartment complex. The worker testified that Eggleston had gone outside to his patio, lowered his pants, exposed himself to her and a co-worker, then fondled his penis. The co-worker confirmed her colleague's account and testified that Eggleston had also exposed himself to her two other times. A certified copy of Eggleston's conviction was entered in evidence.

The State offered this evidence to show Eggleston's bent of mind and lustful disposition, and the trial court expressly found the evidence was being offered for a legitimate purpose. By exposing himself and touching his penis in the presence of a female, such conduct bore striking similarity to how the victim here described Eggleston's behavior as he exposed himself to her. Because the State fulfilled the requirements of *Williams*, the trial court did not abuse its discretion in admitting evidence about the prior incident. See *Jordan v. State*.[7]

Eggleston argues that under *Simpson v. State*,[8] the similar transaction evidence was inadmissible. But *Simpson* is factually and legally distinguishable. In *Simpson*, unlike here, the Supreme Court addressed the admission of physical evidence of a sexual nature, such as writings, drawings, or paraphernalia. The Court then crafted this bright line rule:

> In a prosecution for a sexual offense, evidence of sexual paraphernalia found in defendant's possession is inadmissible unless it shows defendant's lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity. Under this rule, sexually explicit material cannot be introduced merely to show a defendant's interest in sexual activity. It can only be admitted if it can be linked to the crime charged.

*Simpson v. State*, supra at 774. But here, the admission of sexually explicit material was not at issue.

2. Eggleston alleges that he received ineffective assistance of counsel and was thereby deprived of his right to a fair trial.

To establish ineffective assistance of counsel within the meaning of *Strickland v. Washington*,[9] an appellant must show not only that his trial counsel's performance was deficient, but also that the deficient performance prejudiced him. *Rucker v. State*.[10] Failure to satisfy

---

[7] *Jordan v. State*, 230 Ga. App. 560 (497 SE2d 48) (1998).
[8] *Simpson v. State*, 271 Ga. 772 (523 SE2d 320) (1999).
[9] *Strickland v. Washington*, 466 U. S. 668, 687 (104 SC 2052, 80 LE2d 674) (1984).
[10] *Rucker v. State*, 268 Ga. 406, 407 (2) (489 SE2d 844) (1997).

either prong of the *Strickland* standard is fatal to an ineffectiveness claim. *Brewer v. State*.[11] Absent a showing of prejudice, no inquiry need be made into counsel's alleged deficiencies. *Ortiz v. State*.[12] In addition, a defendant must overcome the strong presumption that trial counsel's conduct fell within the wide range of reasonable professional conduct. See id.

Eggleston faults his trial counsel for failing to present character witnesses on his behalf, neglecting to investigate adequately the possibility that the victim had made false accusations in the past, and not investigating the victim's possible involvement with another male. He also complains that his attorney did not effectively cross-examine medical testimony, and he criticizes counsel's decision not to hire a defense expert to review the videotaped interview of the victim by a social worker or to subpoena this social worker.

At the motion for new trial hearing, Eggleston's trial counsel testified that he had never heard about any false accusation. He also testified that no names of possible character witnesses had been provided to him. Although informed by his investigator about the existence of a ninth-grade boy observed kissing the victim at a birthday party, counsel admitted that he did not pursue this issue. However, evidence of the past sexual behavior of the complaining victim is generally disallowed by the rape shield statute. OCGA § 24-2-3 (a); *McGarity v. State*.[13] Trial counsel explained that he had opted not to retain an expert to critique the videotape because he felt the tape helped the defense. Because Eggleston has not established that his trial counsel's performance was so deficient as to have prejudiced his defense, we cannot say that the trial court clearly erred in finding otherwise. See *Johnson v. State*.[14]

3. We reject Eggleston's contention that the five separate counts of child molestation should have been merged at sentencing.

Counts 3 through 7 of the indictment accused Eggleston of engaging in various distinct acts of child molestation. The different counts alleged that Eggleston "with intent to arouse and satisfy [his] sexual desires": (Count 3) "placed his penis on the vaginal area of [the victim]"; (Count 4) "pulled down the pants and underwear of [the victim]"; (Count 5) "placed his hand and fingers on the breast of [the victim]"; (Count 6) "placed his mouth on the breast of [the victim]"; and (Count 7) "forced [the victim] to touch the penis of said accused." The evidence supporting any one count was not "used up" in proving

---

[11] *Brewer v. State*, 224 Ga. App. 656, 657-658 (2) (481 SE2d 608) (1997).
[12] *Ortiz v. State*, 222 Ga. App. 432, 434 (5) (474 SE2d 300) (1996).
[13] *McGarity v. State*, 224 Ga. App. 302, 303 (1) (480 SE2d 319) (1997).
[14] *Johnson v. State*, 266 Ga. 380, 383 (2) (467 SE2d 542) (1996).

any other count. See *Welch v. State*.[15] Instead, the testimony of the victim established that each of these counts was a separate and distinct crime. *Gable v. State*.[16] The same conduct was not being punished twice, nor was one crime included in the others so as to bar the separate conviction and punishment for each act. See id. Therefore, these offenses did not merge.

*Judgment affirmed. Eldridge and Barnes, JJ., concur.*

DECIDED JANUARY 11, 2001 —

*Lawrence J. Zimmerman*, for appellant.

*J. Tom Morgan, District Attorney, Charles C. Flinn, Robert M. Coker, Assistant District Attorneys*, for appellee.

---

[15] *Welch v. State*, 216 Ga. App. 256, 257 (454 SE2d 566) (1995).
[16] *Gable v. State*, 222 Ga. App. 768, 770 (3) (476 SE2d 66) (1996).
[1] OCGA § 10-1-390 et seq.