## A02A0794. DUNAGAN v. THE STATE.
(565 SE2d 526)

ANDREWS, Presiding Judge.

Herman Dunagan, Jr. was found guilty by a jury of child molestation and first degree cruelty to a child. Finding no ground for reversal in the errors enumerated on appeal, we affirm the judgment of conviction entered on the guilty verdicts.

1. The evidence was sufficient to support the guilty verdicts. The victim, eight years old at the time of the charged offenses, testified that while Dunagan (known to her as Uncle Buck) was babysitting with her, he pulled down her pants and touched her vaginal area with his hand and unzipped his pants and touched his penis to her vaginal area. The child testified that Dunagan committed these acts despite the fact that she told him to stop and she was crying.

On appeal, Dunagan points out that the child gave inconsistent testimony. In interviews with a Department of Family & Children Services (DFACS) caseworker and a police investigator, the child initially denied the molestation and then gave two subsequent statements confirming that the molestation occurred but giving inconsistent accounts as to the manner in which it occurred.

> Although the evidence showed that the child made inconsistent statements about the acts of molestation, the credibility of the child was for determination by the jury, which chose to believe the child's statements that the charged acts . . . occurred. *Cofield v. State*, 216 Ga. App. 623, 625 (455 SE2d 342) (1995). This Court does not re-weigh the evidence or determine the credibility of witnesses, but considers only the sufficiency of the evidence. Id. The evidence was sufficient for a rational trier of fact to find [Dunagan] guilty of the charged offenses beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Havron v. State*, 234 Ga. App. 413, 414 (1) (506 SE2d 421) (1998); OCGA §§ 16-5-70 (b); 16-6-4.

2. Dunagan claims the trial court erred by allowing a physician to testify for the State over objection that it was extremely unlikely the physical injuries found during examination of the child could have resulted from anything other than an intentional act of molestation. We agree it would have been erroneous to admit this testimony over a proper objection.

This testimony was given during the State's case-in-chief to support allegations that Dunagan committed aggravated sexual battery and aggravated child molestation by inserting a foreign object into

the child's vagina. The physician testified that an examination of the child revealed physical injuries that were consistent with deep penetration of the child's vagina by some means during the last year. It would have been proper to allow the physician to testify that the physical injuries were consistent with sexual molestation by vaginal penetration, but it improperly invaded the province of the jury to allow the physician to testify that the physical injuries showed it was likely the child had been sexually molested by vaginal penetration. *Atkins v. State*, 243 Ga. App. 489, 490-495 (533 SE2d 152) (2000); *Gosnell v. State*, 247 Ga. App. 508, 509-510 (544 SE2d 477) (2001).

However, no reversal is required in this case for two reasons. First, Dunagan did not make a proper objection to the testimony. He objected not on the basis that the testimony invaded the province of the jury but that it called for speculation by the physician. Since this was not a proper basis for excluding the testimony, the trial court did not err by denying the objection, and Dunagan failed to preserve the relevant issue for appellate review. *Mack v. State*, 251 Ga. App. 407, 409 (554 SE2d 542) (2001). Second, even if Dunagan made the proper objection and the trial court erroneously allowed the physician to testify that the physical injuries showed it was likely the child was molested by vaginal penetration, no harm could be demonstrated. After reviewing the evidence at the close of the State's case-in-chief, the trial court granted Dunagan's motion to dismiss the charges of aggravated sexual battery and aggravated child molestation which were based on allegations that Dunagan penetrated the child's vagina with a foreign object. Since neither of the offenses on which Dunagan was found guilty involved an allegation that he penetrated the child's vagina, it is highly probable that erroneous admission of the physician's testimony did not contribute to the guilty verdicts. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

3. Dunagan contends the trial court erred by refusing to allow evidence to go out with the jury during deliberations.

During the trial, several documents from the DFACS case file on the child were admitted into evidence by the trial court on the basis that they may provide evidence exculpatory of Dunagan. The trial court granted the State's "continuing witness" objection that these documents should not go out with the jury during deliberations because they would improperly provide "continuing testimony" to the jury.

In Georgia the "continuing witness" objection is based on the notion that written testimony is heard by the jury when read from the witness stand just as oral testimony is heard when given from the witness stand. But, it is unfair and places undue emphasis on written testimony for the writing

> to go out with the jury to be read again during deliberations, while oral testimony is received but once.

*Tibbs v. Tibbs*, 257 Ga. 370-371 (359 SE2d 674) (1987). Under this rule, documents such as depositions, interrogatories and written confessions which have been read to the jury during trial are not allowed to go out with the jury during deliberations because if they are read and reread by the jury, this evidence would be given an unfair advantage over other oral testimony. *Gabbard v. State*, 233 Ga. App. 122, 124 (503 SE2d 347) (1998).

Dunagan points out that none of the DFACS documents were read to the jury, and one of the documents showed that in September 1997 the child had a hernia near her private area, her bottom was red and she was having nightmares and wetting the bed. Dunagan, who presented evidence that bed-wetting is sometimes characteristic of an abused child, contends it was error to prevent this document from going out with the jury because it tended to prove the child was sexually abused in 1997 (about two years prior to the allegations against him) and that this earlier abuse was the source of the physical injuries discovered by the physician who examined the child and testified for the State.

Even if the document at issue was not subject to the "continuing witness" objection and was erroneously kept from the jury during deliberations on this basis (see *Dunagan v. Elder*, 154 Ga. App. 728, 729 (270 SE2d 18) (1980)), we find no harm for the same reasons set forth in Division 2, supra. Dunagan claims the document was important to show that injuries to the child's vagina were caused by sexual abuse in 1997 prior to allegations that he inserted a foreign object into the child's vagina in 1999. When the trial court dismissed all the charges which were based on allegations that Dunagan inserted a foreign object into the child's vagina, the document was no longer important for this purpose. Accordingly, even if the document retained some relevance for Dunagan's defense, it is highly probable that preventing the document from going out with the jury during deliberations did not contribute to the guilty verdicts. *Johnson*, 238 Ga. at 61.

4. Finally, Dunagan claims the trial court erred by failing to release documents showing earlier child abuse from the child's DFACS file which were critical to his defense.

Records concerning child abuse in a DFACS file are confidential. OCGA § 49-5-40 (b). However, the records may be obtained by petitioning the trial court to subpoena the records under the provisions

of OCGA § 49-5-41 (a) (2) which states that reasonable access be provided to

> [a] court, by subpoena, upon its finding that access to such records may be necessary for determination of an issue before such court; provided, however, that the court shall examine such record in camera, unless the court determines that public disclosure of the information contained therein is necessary for the resolution of an issue then before it and the record is otherwise admissible under the rules of evidence.

*Davidson v. State*, 183 Ga. App. 557, 559 (359 SE2d 372) (1987). Pursuant to this Code section, the trial court conducted an in camera inspection of the child's DFACS file and provided Dunagan with several documents from the file concerning earlier child abuse (see Division 3, supra) which the court determined might be exculpatory and relevant to Dunagan's defense.

Dunagan claims the trial court failed to provide him with all of the exculpatory documents from the file, but bases this claim only on speculation that a thorough inspection of the file would surely have produced more relevant documents than the court found. The child's entire DFACS file was sealed by the trial court after the in camera inspection and made a part of the record on appeal. Dunagan contends that this Court should review the entire file to determine if the trial court provided him with all the documents necessary for his defense.

This Court will not review an in camera inspection conducted by the trial court based on speculation that there might be additional material which should have been found and produced for the defense. *Williams v. State*, 251 Ga. 749, 789 (312 SE2d 40) (1983). The trial court's discretionary ruling after an in camera inspection that all exculpatory material, if any, has been produced establishes that as a fact absent a countershowing. *Barnes v. State*, 157 Ga. App. 582, 586 (277 SE2d 916) (1981). The burden is on the defendant to show what was suppressed and how it is materially exculpatory. Id. at 586-589; *Williams*, 251 Ga. at 788-789. Dunagan has failed to satisfy this burden.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED MAY 9, 2002 —

*William D. Healan III*, for appellant.

*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney,* for appellee.