## A02A0418. FERRELL v. THE STATE.
(569 SE2d 899)

SMITH, Presiding Judge.

James Matthew Ferrell was indicted on three counts of child molestation and one count of aggravated sexual battery. He was tried by a jury, which found him guilty on two counts of child molestation. The jury could not reach a verdict on the remaining counts, and a mistrial was declared as to those counts. Ferrell's motion for new trial, as amended, was denied, and he appeals. Ferrell raises the general grounds, challenges the admission of certain evidence, and asserts that his trial counsel was ineffective. We find no merit in these contentions, and we affirm his convictions.

Construed to support the jury's verdict, the evidence presented at trial showed that the victim's parents divorced when she was very young, and her mother married Ferrell when the victim was four years old. The victim lived with her mother and Ferrell for approximately a year, when her father obtained custody. After that, the victim visited her mother often, spending at least every other weekend at Ferrell's residence.

The victim last visited Ferrell's residence the weekend of her ninth birthday, in 2000. The following week, she attended a presentation at her school, which was sponsored by the Department of Family and Children Services (DFACS). The presentation was a puppet show, and its purpose was to encourage children to report abuse. Although the victim was an honor roll student, her teacher had referred her to a counseling session for children whose parents were divorced or separated. At that session, which took place after the puppet show, the victim started to say something very personal, and the counselor stopped her and told her she needed to come and talk to him privately. When she did, that same day, she disclosed that her stepfather had been touching her repeatedly in her "private part" since she was about seven years old. She stated that this happened almost every visit to his home. She also told the counselor that she had heard her stepfather making telephone calls to "other girl-friends" and wanted her to be his girlfriend. The counselor noted that

the victim did not know whether the "girlfriends" were children, like her, or women. Ferrell later testified that the call in issue was to an "adult entertainment line." The victim told her mother, but her mother did not believe her. She also revealed that she was "scared that she would not be able to see her mother." The victim testified that she had told the counselor about the molestation because she was "tired of holding it in" and she trusted the counselor and believed he could help.

The counselor reported this outcry to DFACS, which instituted an investigation. The victim then also confided in her father and stepmother, informing them that Ferrell had touched her chest area several times, had placed a finger in her vagina, and had asked her to touch his penis. She also told them she had heard Ferrell talking on the telephone and asking if the person on the other end "had panties on" and that he had asked her once to be his girlfriend.

DFACS and police officers interviewed the victim. The interview was recorded on videotape and played for the jury. The victim confirmed the sexual abuse, which she said occurred almost every time she visited her mother's home. She confirmed this abuse at trial, including the telephone sex, and she also described an incident that occurred at Ferrell's grandmother's home. The victim's mother acknowledged knowing that Ferrell engaged in telephone sex, and she testified that Ferrell admitted that he had occasionally masturbated while doing so.

A sex crimes detective testified that in an interview with the detective, Ferrell was confronted with the victim's allegation that he had touched her breast, and he admitted "that's absolutely possible." He later admitted that it was "very possible" that while lying on top of the victim he had an erection, that he had masturbated while the children were in the house, and that the children "may have seen him masturbating." He stated that it was "probably the truth" that he did so in the little girl's bedroom. He stated that he had "been fighting and battling what I do, where to go with it," but that he was a different person when he did those things. He stated that when his stepdaughter asked him why he was lying to everyone about having done them, he finally came to the realization that he was hurting her. He supposed he was "in self-denial" and could not believe he would ever do such things. But he conceded that "the truth is, I did it."

Ferrell testified at trial and denied saying that he ever molested the victim. He attributed the touching to incidental contact during horseplay. He explained his apparent admissions by saying that he meant to say that he did hurt his stepdaughter in some way, although he still did not realize how he had hurt her. He did admit that he sometimes masturbated while the children were in the house

and awake and that he had sometimes done so while talking on the telephone.

1. Ferrell contends that the evidence was insufficient to prove his guilt beyond a reasonable doubt. We do not agree.

On appeal, we must view the evidence in the light most favorable to the jury's verdict, and Ferrell no longer enjoys a presumption of innocence. *Pollard v. State*, 230 Ga. App. 159 (495 SE2d 629) (1998). The victim testified in this case, and the evidence of the victim alone was sufficient to authorize the jury to find Ferrell guilty of two counts of child molestation. No requirement exists that this testimony be corroborated. *Sewell v. State*, 244 Ga. App. 449, 451 (1) (c) (536 SE2d 173) (2000). The jury obviously believed the victim's testimony as to the two counts on which Ferrell was found guilty. Determining the credibility of witnesses is entirely within the province of the jury. *Roundtree v. State*, 237 Ga. App. 669 (516 SE2d 533) (1999).

2. Ferrell maintains the trial court erred in permitting the State to show, over objection, that he made calls to telephone sex lines and that he masturbated. We do not agree.

Ferrell relies upon *Simpson v. State*, 271 Ga. 772 (523 SE2d 320) (1999), in which our Supreme Court took the

> opportunity to put forth a clear and cogent rule: In a prosecution for a sexual offense, evidence of sexual paraphernalia found in defendant's possession is inadmissible unless it shows defendant's lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity. Under this rule, sexually explicit material cannot be introduced merely to show a defendant's interest in sexual activity. It can only be admitted if it can be linked to the crime charged.

Id. at 774 (1). Ferrell argues that the admission of evidence that he telephoned adult sex lines or that he masturbated violates the rule set forth in *Simpson*.

But *Simpson* specifically prohibits the introduction of physical evidence of sexual paraphernalia *unless* it is linked to the crime charged. We need not decide here whether *Simpson* also applies to evidence of a defendant's sexual conduct as well,[1] because the trial

---

[1] We note that some recent cases appear to have extended the *Simpson* prohibition to testimony regarding sexual paraphernalia and to sexual acts – even to unfulfilled sexual requests – by the defendant. See, e.g., *Frazier v. State*, 241 Ga. App. 125-126 (1) (524 SE2d 768) (1999). But see *Eggleston v. State*, 247 Ga. App. 540, 541-542 (1) (544 SE2d 722) (2001) (sexual act, not sexually explicit material, at issue, so *Simpson* does not apply). In some cases, as here, it has not been necessary to reach this issue, because the evidence was otherwise linked to the offense. See, e.g., *Burk v. State*, 253 Ga. App. 272, 273 (1) (558 SE2d 726) (2001).

court, well aware of the holding in *Simpson*, properly ruled that it would exclude evidence of the calls to an adult sex line unless they were made in the child's presence or the calls themselves involved children as substance matter. Ferrell admitted that one such telephone conversation took place in the victim's presence.

Similarly, the court permitted the evidence of masturbation because it took place in the presence of children. Although the evidence was in some conflict regarding exactly where the victim was, it was shown that Ferrell masturbated in the room she slept in while visiting, that his two sons were playing nearby, and that Ferrell told a detective that this was "probably the truth." Under these circumstances, the trial court did not err in admitting this evidence.

3. Ferrell asserts that his trial counsel was ineffective because he failed to object to certain questioning of the victim, which he maintains improperly bolstered her testimony. Ferrell is mistaken.

The testimony pointed to by Ferrell was not objectionable. The victim was questioned routinely before her substantive testimony to establish that she was competent by showing that she knew the difference between the truth and a lie and that she was aware that lying was wrong and had consequences. Eliciting such testimony from the child is necessary because "ultimately the jury . . . must decide what credit to place on that testimony. [Cits.]" *State v. Oliver*, 188 Ga. App. 47, 50 (2) (372 SE2d 256) (1988). To this end, "evidence concerning the child's understanding of the oath, intellectual maturity or any other factor affecting her capacity to testify is to be developed from the examination of the child herself. [Cits.]" Id. The stepmother did not testify to her child's truthfulness, but only to the instructions the child was given. Her testimony showed only that the victim was told to tell the truth. Since we find no error in this testimony, trial counsel was not ineffective in failing to object. "Failure to make a meritless objection cannot be evidence of ineffective assistance." *Hayes v. State*, 262 Ga. 881, 884-885 (3) (c) (426 SE2d 886) (1993).

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED JULY 11, 2002 —
RECONSIDERATION DENIED JULY 25, 2002.

*Thomas J. Gustinella*, for appellant.
*Spencer Lawton, Jr., District Attorney, Gregory M. McConnell, Assistant District Attorney*, for appellee.