A03A0580. FRAZIER v. THE STATE.
(583 SE2d 188)

RUFFIN, Presiding Judge.

After a jury found David Frazier guilty of four counts of child molestation, he filed a motion for new trial. The trial court granted Frazier's motion as to one count of the indictment, finding that insufficient evidence supported the verdict, but denied Frazier's motion as to the remaining counts. Frazier now appeals to this Court, challenging the sufficiency of the evidence supporting one count of child molestation. Frazier also contends that the trial court erred in instructing the jury and that he received ineffective assistance of counsel. For reasons that follow, we affirm.

1. On appeal from a criminal conviction, Frazier no longer enjoys a presumption of innocence, and we view the evidence in the light most favorable to upholding the jury's verdict.[1] We neither weigh the evidence nor assess witness credibility, but only determine whether the evidence was sufficient to establish guilt beyond a reasonable doubt.[2]

Viewed in this light, the evidence shows that Frazier began living with the victim and her mother in the fall of 1995. The victim was approximately seven years old at that time. According to the victim, when her mother was not in the room, Frazier would touch her inappropriately. The victim testified that one day, when she was sick, she stayed home from school with Frazier while her mother was at work. The victim testified that Frazier showed her a "sex movie," featuring women without clothes "dancing around poles." Frazier then put his hands underneath her clothing and touched her bottom. When asked if Frazier touched her vaginal area, the victim equivocated. Although the victim initially testified that Frazier touched her "private area up

---

[1] See *Pickard v. State*, 257 Ga. App. 642 (1) (572 SE2d 660) (2002).
[2] See id.

front," on cross-examination, she said Frazier touched her "close to," but not on, her vaginal area. On redirect examination, the victim clarified that Frazier did not put his fingers inside her vagina, but touched the outside of her vaginal area.

The State also tendered evidence of a similar transaction. M. T. testified that Frazier once lived with her and her mother. According to M. T., one day when she was home from school, Frazier made her put lotion on his penis and then put her mouth on his penis.

The jury then found Frazier guilty of child molestation for touching the victim's buttocks, touching her vaginal area, and showing her a sexually explicit videotape. The jury also found him guilty of touching the victim's chest, but the trial court concluded that the evidence was insufficient to support that charge.

On appeal, Frazier challenges the sufficiency of the evidence supporting his conviction for molesting the victim by touching her vagina. Although the victim's testimony was somewhat inconsistent in this regard, "the credibility of the child was for determination by the jury, which chose to believe the child's statements that the charged act[ ] occurred."[3] It is not the function of this Court to reweigh this evidence.[4] As there was sufficient evidence for the jury to conclude that Frazier touched the exterior of the victim's vagina, this allegation of error presents no basis for reversal.[5]

2. Frazier also contends that the trial court erred in instructing jurors that the similar transaction evidence could be considered "to corroborate the testimony of the victim." However, in cases involving sexual abuse, it is well settled that similar transaction evidence *may* be used to corroborate the victim's testimony.[6] Because the charge given accurately reflects the law, the trial court committed no error in giving it.[7]

3. Finally, Frazier argues that he received ineffective assistance of counsel. In order to prevail on this claim, Frazier must establish not only that his trial counsel's performance was deficient, but also that such deficiency likely prejudiced his defense.[8]

(a) Frazier contends that his trial counsel was ineffective by failing to seek exclusion of the similar transaction evidence. Specifically, Frazier contends that he had been tried and acquitted of the aggra-

---

[3] (Punctuation omitted.) *Dunagan v. State*, 255 Ga. App. 309 (1) (565 SE2d 526) (2002).

[4] See id.; *Havron v. State*, 234 Ga. App. 413, 414 (1) (506 SE2d 421) (1998).

[5] See *Havron*, supra; *Dunagan*, supra.

[6] See *Peterson v. State*, 253 Ga. App. 390, 392 (2) (559 SE2d 126) (2002); *Eggleston v. State*, 247 Ga. App. 540, 541 (1) (544 SE2d 722) (2001); *Brooks v. State*, 230 Ga. App. 846, 847 (1) (498 SE2d 139) (1998); *Gibbins v. State*, 229 Ga. App. 896, 899 (4) (495 SE2d 46) (1997).

[7] See *Shuman v. State*, 244 Ga. App. 335, 336 (2) (535 SE2d 526) (2000).

[8] See *Nelson v. State*, 255 Ga. App. 315, 322 (10) (565 SE2d 551) (2002).

vated child molestation offense about which M. T. testified. However, Frazier's contentions in this regard are not entirely accurate.

Initially, we note that Frazier's trial attorney *did* object to the admission of the similar transaction evidence. And, although it appears that Frazier was acquitted of aggravated child molestation, a jury convicted him of two counts of child molestation based upon his conduct with M. T.[9] Thus, the trial court properly admitted this evidence.[10] Although the trial court arguably should have excluded evidence of the aggravated child molestation[11] — specifically M. T.'s testimony that Frazier had her place her mouth on his penis[12] — we find no basis for reversal. Given the admissible similar transaction evidence and the victim's testimony, we are not persuaded that the admission of the additional evidence overly swayed the jurors.[13] Thus, even if trial counsel was deficient in failing to object to evidence of the aggravated child molestation, the deficiency did not prejudice Frazier.

(b) According to Frazier, his trial counsel was ineffective for failing to call his brother, who could have provided an alibi for the similar transaction. Again, we find no reversible error. At the motion for new trial, which occurred approximately two years after Frazier's trial, trial counsel could not recall whether she spoke with Frazier's brother or why she declined to call him as a witness. However, she testified that, generally, she is "a very strong believer in maintaining the final closing argument" and that she would not call a witness unless he or she was "exceptionally strong." And such strategic decision does not constitute ineffective assistance.[14] Moreover, Frazier presented his alibi defense at his trial for molesting M. T., and the jury evidently rejected the defense,[15] which undermines Frazier's contention that the absence of the alibi testimony during this trial prejudiced his defense.

(c) Frazier asserts that his trial attorney was ineffective in not moving for a mistrial when allegedly prejudicial hearsay evidence impugning his character was introduced. According to Frazier, the evidence was introduced when the videotape of the victim's interview was played for the jury. The State, however, questions whether the

---

[9] See *Frazier v. State*, 241 Ga. App. 125 (524 SE2d 768) (1999) (evidently acquitted of aggravated molestation); *Frazier v. State*, 252 Ga. App. 627 (557 SE2d 12) (2001) (after retrial, convicted of two counts of child molestation).

[10] See *Frazier*, supra, 252 Ga. App. at 630-631 (3) (b).

[11] But see *Jones v. State*, 159 Ga. App. 634-637 (1) (284 SE2d 651) (1981) (acquittal as to other crime does not exclude the right to prove such crime when testimony otherwise relevant).

[12] See OCGA § 16-6-4 (c) (defining aggravated child molestation).

[13] See *Johnson v. State*, 222 Ga. App. 722, 727-728 (9) (475 SE2d 918) (1996).

[14] See *Lockett v. State*, 258 Ga. App. 178, 182-183 (3) (c) (573 SE2d 437) (2002).

[15] See *Frazier*, supra, 252 Ga. App. at 629-630 (2).

jury heard the allegedly prejudicial statements, pointing to the fact that the entire videotape was not played for the jury. As the trial transcript does not reflect the portion of the videotape presented to the jury, and the record on appeal does not include the videotape, we are unable to address the merits of this allegation of error.[16]

*Judgment affirmed. Smith, C. J., and Miller, J., concur.*

DECIDED JUNE 5, 2003.

*Zell & Zell, Rodney S. Zell*, for appellant.

*Paul L. Howard, Jr., District Attorney, Amira A. Arshad, Assistant District Attorney*, for appellee.

---

[16] See *Jarvis v. State*, 253 Ga. App. 581, 582-583 (1) (560 SE2d 29) (2002) (failure to include videotape played at *Jackson-Denno* hearing or a transcript of the tape precluded appellate review).