## A03A0697. DUNCAN v. THE STATE.
(584 SE2d 681)

PHIPPS, Judge.

Bob Jerald Duncan, Jr. was tried by a jury, convicted of child molestation and sentenced to serve 20 years. Duncan appeals his conviction and his sentence. He claims that the trial court erred by failing to grant a directed verdict of acquittal and by admitting into evidence his prior conviction for aggravated sodomy of a 14-year-old boy. Finding no error, we affirm.

1. Duncan claims that the trial court should have granted his motion for directed verdict at the close of the state's case. The standard of review for denial of a motion for directed verdict is the same as that for determining the sufficiency of the evidence to support a conviction.[1] Thus, we construe the evidence in favor of the jury's ver-

---

[1] *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001).

dict and determine whether a rational trier of fact could have found Duncan guilty of child molestation beyond a reasonable doubt.[2]

The state presented evidence that Duncan was J. C.'s[3] baseball coach for several years and that J. C. had spent the night at Duncan's house ten or fifteen times. After the last game of the season, the team had a banquet and several of the players went to Duncan's house to spend the night. The players went to sleep on couches, and Duncan went to his bedroom. During the night, J. C. woke up to find Duncan carrying him to the bedroom, where Duncan unbuttoned J. C.'s pants and touched his penis, while also touching his own penis. J. C. then went to the bathroom to get away from Duncan and returned to the couch where he noticed "sticky stuff" all over his legs. That was the last time J. C. spent the night at Duncan's house.

Several months later, J. C. went to a baseball practice with Duncan. After the practice, Duncan took J. C. to his house and asked him to spend the night. Instead, J. C. called his mother to come pick him up. When J. C. got home, he told his cousin what had happened at Duncan's house the last time he spent the night there. J. C. then told his father and later his mother what had happened. He subsequently gave a statement to police. Duncan was arrested, and the indictment charged him with fondling J. C.'s penis with the intent to arouse and satisfy his own sexual desires.

Duncan claims that the case hinged on J. C.'s testimony and that there were discrepancies between his statement to police and his testimony at trial. He points out that J. C. never mentioned in his initial interview that other children were present the night he was molested. Even if J. C. did make inconsistent statements about the incident, the child's credibility was for the jury to determine, and the jury chose to believe his testimony that the charged act occurred.[4]

Duncan argues that J. C. was coached because he used the word "sperm" to describe the "sticky stuff" on his legs when he was interviewed. According to Duncan, "sperm" would not be in a nine-year-old's vocabulary. At trial, J. C. explained that he had heard the word on the school bus. Again, it was for the jury to determine whether J. C.'s testimony was believable.[5] Duncan does not point to evidence that anyone had a motive to coach J. C. to fabricate a story, and any such evidence simply presented an issue for the jury.[6]

Duncan points to conflicts in the testimony regarding when the

---

[2] Id.

[3] J. C. was 11 years old at the time of trial.

[4] *Dunagan v. State*, 255 Ga. App. 309 (1) (565 SE2d 526) (2002).

[5] See id.

[6] *Wand v. State*, 230 Ga. App. 460 (1) (496 SE2d 771) (1998).

incident occurred, but we need not resolve those conflicts. It is the jury's role to resolve conflicts in trial testimony.[7]

Duncan argues that the state did not successfully corroborate J. C.'s statements with testimony from his cousin. But it was not necessary to corroborate J. C.'s testimony.[8] The evidence presented authorized the jury to conclude that Duncan was guilty of the crime for which he was convicted.[9]

2. Duncan claims that the trial court erred by admitting evidence of his 1990 conviction for aggravated sodomy of a 14-year-old boy. He argues that sodomy is different from the touching involved in this case and that the victim in the 1990 case was old enough to consent. He also argues that the trial court should have considered the fact that the prior conviction was almost nine years before the incident with J. C.

Absent an abuse of discretion, we will not disturb a trial court's determination that similar transaction evidence is admissible.[10]

[I]n crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses.[11]

Duncan pled guilty to and does not dispute that he committed the prior offense, which he admitted was done against the prior victim's will. Both incidents involved Duncan making inappropriate contact with the penis of a minor male child. "There is no requirement that the prior crime or transaction be absolutely identical in every respect."[12] Although Duncan was not convicted of child molestation in the earlier offense, we find that the trial court did not abuse its discretion in determining that the offenses were sufficiently similar to admit evidence of the prior conviction.[13] Nor was the prior conviction too remote in time to be admitted.[14]

---

[7] *Berry v. State*, 268 Ga. 437, 438 (1) (490 SE2d 389) (1997).

[8] *Ferrell v. State*, 256 Ga. App. 692, 694 (1) (569 SE2d 899) (2002).

[9] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[10] *Condra v. State*, 238 Ga. App. 174, 175 (2) (518 SE2d 186) (1999).

[11] (Citations, punctuation and footnotes omitted.) *Eggleston v. State*, 247 Ga. App. 540, 541 (1) (544 SE2d 722) (2001).

[12] (Citation omitted.) *Hathcock v. State*, 214 Ga. App. 188, 192 (8) (447 SE2d 104) (1994).

[13] See id.

[14] See *Braddock v. State*, 208 Ga. App. 843, 844 (2) (432 SE2d 264) (1993) (where similar transaction evidence is otherwise admissible, lapse of 15 years does not make evidence inadmissible).

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED JULY 1, 2003.

*Stanley W. Schoolcraft III*, for appellant.
*Robert E. Keller, District Attorney, Erman J. Tanjuatco, Assistant District Attorney*, for appellee.