A04A2164, A04A2165. TURNER v. THE STATE (two cases).
(606 SE2d 296)

ANDREWS, Presiding Judge.

Howard Turner, Sr. and his brother, Harold Turner, were jointly indicted, tried and found guilty by a jury of raping and sexually molesting a female child. Their separate appeals (Howard Turner, Sr., Case No. A04A2164; and Harold Turner, Case No. A04A2165) are consolidated in this opinion. For the following reasons, we affirm the judgment of conviction in both cases.

1. Contrary to claims by both appellants, the evidence was sufficient to support the guilty verdicts. The child was between six and nine years old at the time of the events at issue, and was eleven years old when she testified at the trial. She testified that, while she was living with her mother and stepfather, both Howard Turner, Sr. and Harold Turner had sexual intercourse with her on numerous occasions. The child also testified that Harold Turner used his finger to fondle her vagina on various occasions. The child's stepmother gave hearsay testimony admissible pursuant to OCGA § 24-3-16 that the child told her that Howard Turner, Sr. fondled the child's vagina with his fingers. Although the child gave inconsistent statements about the events at issue, her credibility was for the jury to determine. OCGA § 24-9-80; *Dunagan v. State*, 255 Ga. App. 309 (565 SE2d 526) (2002). The evidence was sufficient for a rational trier of fact to find the appellants guilty of rape and child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

As to additional claims by the appellants that the child was incompetent to testify because of mental illness, the trial court found the child competent after a hearing conducted prior to her testimony, and we find no abuse of discretion in this ruling. *Simmons v. State*, 251 Ga. App. 682, 685 (555 SE2d 59) (2001).

2. There is no merit to the claims by appellants that the state failed to prove venue. The indictment alleged that the charged offenses occurred in Stephens County, and testimony was produced at trial that the offenses occurred at a location in Stephens County. The evidence was sufficient for the jury to find that the state proved the

essential element of venue beyond a reasonable doubt. *Jones v. State*, 272 Ga. 900, 901-902 (537 SE2d 80) (2000).

3. Both appellants claim that the trial court erred by denying a motion for a new trial based on newly discovered evidence. The newly discovered evidence was that Howard Turner, Sr. was diagnosed with gonorrhea during the period of time that he and Harold Turner were alleged to have repeatedly raped the child and that Harold Turner has never tested positive for gonorrhea. The appellants point out that evidence was introduced at trial showing that, when the child was physically examined following her sexual abuse claim, she was tested for sexually transmitted disease including gonorrhea and was found to be free of disease. The appellants argue that gonorrhea is a highly contagious sexually transmitted disease and that, if the child's rape allegations were true, it would be highly likely that the child would have contracted gonorrhea from Howard Turner, Sr. and transmitted it to Harold Turner. Since the child did not have gonorrhea, appellants argue that the newly discovered evidence would probably produce a different verdict.

In order to obtain a new trial on the basis of newly discovered evidence, a defendant must carry the burden of proof on the following requirements:

(1) that the evidence has come to his knowledge since the trial; (2) that it was not owing to the want of due diligence that he did not acquire it sooner; (3) that it is so material that it would probably produce a different verdict; (4) that it is not cumulative only; (5) that the affidavit of the witness himself should be procured or its absence accounted for; and (6) that a new trial will not be granted if the only effect of the evidence will be to impeach the credit of a witness.

(Citation and punctuation omitted.) *Timberlake v. State*, 246 Ga. 488, 491 (271 SE2d 792) (1980). As to Howard Turner, Sr., he made no effort to show that he was not aware prior to trial that he had gonorrhea during the relevant period of time, and he did not move for a new trial on this ground. Accordingly, the trial court did not err by refusing to grant Howard Turner, Sr. a new trial on this ground.

Although Harold Turner moved for a new trial on this ground, he failed to carry his burden of satisfying all the requirements set forth in *Timberlake*, supra. First, "[t]here was no factual showing that this evidence could not have been discovered [prior to trial] by the exercise of ordinary diligence." *Timberlake*, 246 Ga. at 491-492. And second, even though he argues on appeal that the evidence would probably have produced a different verdict on the rape charge, he made no factual showing in the trial court as to how this evidence "show[ed]

the falseness, impossibility, or even improbability of the victim's direct testimony at trial that [he] committed the [rape] for which he was convicted." *Green v. State*, 242 Ga. App. 868, 870 (532 SE2d 111) (2000). Accordingly, the trial court did not err by refusing to grant a new trial to Harold Turner on this ground.

4. Finally, Harold Turner contends that, over his objection, the trial court erroneously allowed the state to use a medical study during redirect examination of a nurse witness. During cross-examination of a nurse who examined the child for physical signs of sexual abuse, defense counsel elicited testimony that the examination showed no physical signs of abuse. In response to the nurse's explanation that medical studies showed abuse could have occurred even in the absence of physical signs, defense counsel cross-examined the nurse about the studies. On redirect examination, the prosecutor referred to the medical studies, showed the nurse a copy of a particular study, and asked the nurse if she was familiar with it. When the nurse responded that she was familiar with it, the prosecutor questioned the nurse about the study, but it was not introduced into evidence. Prior to the questioning, the trial court overruled defense counsel's objection that the state had not shown him the study prior to trial and allowed him to obtain a copy.

On appeal, Harold Turner contends that it was error to admit the study into evidence because it was not disclosed to defense counsel prior to trial as required by OCGA § 17-16-4 (a) (4). We find no merit in this contention. The study was not admitted into evidence but was simply acknowledged by the nurse as one of the studies she was familiar with which was part of the medical literature on which her expertise was based. OCGA § 17-16-4 (a) (4), which requires that the state disclose certain reports to the defendant prior to trial, refers to a defendant's right

> to inspect and copy or photograph a report of any physical or mental examinations and of scientific tests or experiments, including a summary of the basis for the expert opinion rendered in the report . . . if the state intends to introduce in evidence in its case-in-chief or in rebuttal the results of the physical or mental examination or scientific test or experiment.

The study at issue was not introduced into evidence, nor was it a report on the results of an examination, test or experiment within the meaning of OCGA § 17-16-4 (a) (4). The trial court did not err by overruling the objection.

*Judgment affirmed in Case Nos. A04A2164 and A04A2165. Miller and Ellington, JJ., concur.*

DECIDED OCTOBER 29, 2004.

*John M. Clark, Joseph E. Sapp,* for appellant (case no. A04A2164).
*Drew W. Powell,* for appellant (case no. A04A2165).
*Michael H. Crawford, District Attorney, Richard K. Bridgeman, Assistant District Attorney, Stockton & Stockton, Brian M. Rickman,* for appellee.