A05A1002. ROBINSON v. THE STATE.
(621 SE2d 770)

RUFFIN, Chief Judge.

A jury found Scott Edward Robinson guilty of four counts of child molestation.[1] Robinson appeals, challenging several evidentiary rulings. For reasons that follow, we affirm.

Viewed favorably to the verdict,[2] the evidence shows that, in May 2002, Robinson's 13-year-old stepdaughter told her mother that Robinson had molested her. The victim testified that, when she was ten years old, Robinson squeezed her breast as they sat together on a couch, watching television. On subsequent occasions, Robinson touched her vagina and her buttocks, and he placed her hand on his penis over his clothing.

Prior to trial, Robinson moved to exclude several pieces of evidence. First, he argued that a portion of his videotaped interview with police should be excluded because it improperly bolstered the victim's credibility. Robinson also moved to exclude references to his stepbrother's conviction for child molestation. And he sought to exclude evidence that his wife caught him masturbating with the victim's underwear on the night the victim reported the abuse. The trial court denied Robinson's motion regarding the bolstering statements and the masturbation evidence. As to the stepbrother's criminal history, the trial court ordered that any reference to the conviction be redacted from Robinson's interview tape. It further determined, however, that the victim would be allowed to testify regarding the conviction. Robinson now appeals these rulings.

1. Robinson argues that the trial court's refusal to redact the bolstering statements from his videotaped interview — which was shown to the jury — improperly increased the victim's credibility, while decreasing his own. The record shows that, during the interview, the police asked Robinson whether the victim is a "good girl" and

---

[1] The jury acquitted Robinson of a fifth molestation charge.

[2] See *Gay v. State*, 258 Ga. App. 854 (575 SE2d 740) (2002).

honest. Robinson replied that the victim is "good," "probably" honest, and had not lied to him. Nevertheless, when confronted with the victim's allegations later in the interview, Robinson denied many of the allegations and asserted that the victim had lied.

Although a party normally may not bolster the veracity of an unimpeached witness, the State may "rehabilitate a witness whose credibility has been attacked."[3] The record shows that, just after vouching for the victim's honesty, Robinson called her a liar.[4] We recognize that Robinson questioned the victim's credibility *after* he vouched for her honesty. But all of these statements were made during the same interview, and Robinson does not challenge the admissibility of his disparaging remarks. On the contrary, he apparently contends that the trial court erred in admitting his favorable comments regarding the victim's character, but not the unfavorable comments.

We disagree. Robinson's statements were admissible to rehabilitate the victim against the upcoming attack, an attack about which all parties were aware.[5] Although the bolstering testimony may have been premature, its admission was not error where the parties knew that the victim's credibility would be undermined immediately thereafter.[6] Accordingly, the trial court did not abuse its discretion in admitting the evidence.[7]

2. We also find no error in the trial court's refusal to exclude the victim's statements regarding Robinson's stepbrother. These statements were admitted as part of the victim's videotaped interview with police, which the State played for the jury. During the interview, the victim stated that Robinson told her he was trying to stop touching her, that he knew what he was doing was wrong, and that one of his family members had been imprisoned for "touch[ing]" somebody.

Robinson argues that such statements constitute irrelevant and highly prejudicial character evidence. The State, however, contends that the evidence helped explain the victim's delay in reporting the abuse; specifically, that she did not want Robinson, whom she viewed as a father figure, to go to jail. According to the State, this evidence

---

[3] *Smith v. State*, 257 Ga. App. 88, 92 (4) (b) (570 SE2d 400) (2002).

[4] Robinson continued this attack throughout the trial, denying the truth of her allegations in his subsequent trial testimony.

[5] See id.; see also *Redd v. State*, 141 Ga. App. 888, 889 (2) (234 SE2d 812) (1977) (trial court did not err in allowing State to rehabilitate credibility of witness before his credibility actually was attacked where defense counsel asserted in opening statement that she intended to show witness was lying).

[6] See *Redd*, supra.

[7] See *Price v. State*, 269 Ga. 373, 374 (2) (497 SE2d 797) (1998) ("Whether to admit evidence is a matter that rests in the sound discretion of the trial court.").

amplified her trial testimony that she did not report the abuse earlier because she "was afraid of what would happen." The State further asserts that Robinson's statement to the victim regarding his brother's criminal history countered his claim at trial that any touching was merely playful tickling.

"Evidence that is relevant and material to an issue in a case is not made inadmissible because it incidentally places the defendant's character in issue."[8] And we have found evidence explaining why a victim delayed reporting a crime relevant to the victim's credibility.[9] Moreover, as noted by the trial court, evidence that Robinson told the victim that he knew the touchings were wrong and that his relative had been imprisoned for such conduct undermined his claim that the touchings resulted from playful tickling. Finally, the statements revealed the criminal history of Robinson's family member, not Robinson himself, and the victim did not specify that this "family member" was Robinson's stepbrother. Under these circumstances, the trial court did not err in finding that the probative value of the evidence outweighed any prejudicial effect.[10]

3. Robinson argues that the trial court erred in admitting evidence that he masturbated on the night of the victim's outcry. According to the victim's mother, she saw Robinson masturbating that night while "smelling [the victim's] underwear." She ordered Robinson to leave the house, then asked the victim if Robinson had ever touched her. At that point, the victim reported the abuse.

Robinson characterizes this evidence as irrelevant and highly prejudicial. But, in sex offense cases, evidence of a defendant's sexual conduct is admissible when it is linked in some way to the charged offense.[11] And, given that Robinson masturbated while sniffing the victim's underwear, the trial court did not abuse its discretion in concluding that the evidence showed his bent of mind to engage in the charged offenses.[12] Accordingly, this enumeration of error presents no basis for reversal.

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

---

[8] *Pruitt v. State*, 274 Ga. 708, 710 (2) (a) (559 SE2d 470) (2002).

[9] See id.; *Price*, supra at 374-375.

[10] See *Pruitt*, supra; *Price*, supra.

[11] See *Ferrell v. State*, 256 Ga. App. 692, 694-695 (2) (569 SE2d 899) (2002). Because a link exists here, we — like the Court in *Ferrell* — need not address whether such evidence might be admissible absent a link. See id. at 694, n. 1.

[12] See *Phillips v. State*, 269 Ga. App. 619, 626 (5) (a) (604 SE2d 520) (2004) (videotape of defendant masturbating with victim's panties supported inference that defendant had a sexual interest in the victim and thus was linked to molestation charge); *Ferrell*, supra at 695 (trial court did not abuse its discretion in admitting evidence that defendant masturbated in child molestation victim's bedroom while other children were playing nearby).

540

DECIDED SEPTEMBER 21, 2005 —

*Garland, Samuel & Loeb, Donald F. Samuel, William C. Lea,* for appellant.

*Daniel J. Porter, District Attorney, Tracie J. Hobbs, Assistant District Attorney,* for appellee.