# Court of Appeals
# of the State of Georgia

ATLANTA,  June 28, 2017

*The Court of Appeals hereby passes the following order:*

**A17A1863. DAVID E. FRAZIER v. THE STATE.**

A jury found David E. Frazier guilty of four counts of child molestation, and his convictions were affirmed on appeal.[1] See *Frazier v. State*, 261 Ga. App. 508 (583 SE2d 188) (2003). In 2013 and 2014, Frazier filed motions to "Void and Vacate Unconstitutional Conviction." In 2015, he filed a "Motion for Plain-Error Review of Similar Transaction Charge." All motions appear to challenge the introduction of similar transaction evidence. On November 3, 2016, the trial court denied the motions, and Frazier filed a notice of appeal on December 9, 2016. We lack jurisdiction for two reasons.

First, Frazier's appeal is untimely.  A notice of appeal must be filed within 30 days after the entry of the trial court's order.  OCGA § 5-6-38 (a).  The proper and timely filing of a notice of appeal is an absolute requirement to confer jurisdiction upon this Court. See *Couch v. United Paperworkers Intl. Union*, 224 Ga. App. 721 (482 SE2d 704) (1997). Here, Frazier's notice of appeal was filed 36 days after entry of the order he seeks to appeal.

Second, the order at issue is not subject to appeal. The Supreme Court has made clear that a post-conviction motion seeking to vacate an allegedly void criminal conviction is not one of the established procedures for challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150)

---

[1] Following Frazier's motion for new trial, the trial court found the evidence insufficient with regard to one of the molestation convictions.

(2010); *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Thus, Frazier is not authorized to collaterally attack his conviction in this manner. For these reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,  06/28/2017*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*