A91A0534. SALES v. THE STATE.
(406 SE2d 131)

SOGNIER, Chief Judge.

Lowery Sales was convicted of child molestation, statutory rape, incest, and rape of his five-year-old daughter and sentenced to 20 years in prison. He appeals from the denial of his motion for new trial.

1. Appellant first contends the trial court erred by qualifying State's witness Nancy Aldridge, director of a child abuse treatment center, as an expert in psychotherapy. At trial, Aldridge testified that she had an undergraduate degree in psychology and a master's degree in social work (which included psychotherapy courses), and had taken extensive continuing education courses in child sexual abuse and related fields. She explained that earlier in her career she practiced for eight years as a psychiatric nurse, and that she had counseled hundreds of sexually abused children since 1981. She stated she is a licensed clinical social worker and a practicing psychotherapist. The State then requested she be qualified as a psychotherapist and child abuse expert. Appellant objected to the former qualification on the ground that there is no state licensing procedure for psychotherapists.

"An expert is one whose habits and profession endow him [or her] with a peculiar skill in forming an opinion on the subject matter in inquiry. [Cit.]" *Morrison v. State*, 147 Ga. App. 410, 411 (1) (249 SE2d 131) (1978). This special skill or knowledge may be derived from experience as well as from formal education. *Bowden v. State*, 239 Ga. 821, 826 (3) (238 SE2d 905) (1977). Contrary to appellant's argument, we regularly authorize expert certification of witnesses whose expertise lies in fields for which there is no state licensing procedure. E.g., *Hanson v. State*, 169 Ga. App. 765, 767 (4) (315 SE2d 278) (1984) (fingerprinting); *Epps v. State*, 169 Ga. App. 157, 159 (4) (312 SE2d 146) (1983) (automobile accident investigation); *Baker v. State*, 156 Ga. App. 283-284 (2) (274 SE2d 678) (1980) (forged handwriting). The issue is whether the witness has developed specialized knowledge, not whether the State certifies or licenses the specialty. Appellant's questions concerning the scope of Aldridge's formal edu-

cation address the credibility of her testimony, not its admissibility. See *Epps*, supra at 160 (4). Aldridge's testimony concerning her education and experience was sufficient to authorize the trial court's discretion in allowing her to testify as an expert in psychotherapy and the diagnosis and treatment of child sexual abuse. *Westbrook v. State*, 186 Ga. App. 493, 494-495 (2) (a) (1) (368 SE2d 131) (1988). Accordingly, we find no error.

2. Appellant also enumerates as error the trial court's grant of the State's motion in limine to preclude introduction of evidence that the victim and her mother, who had never lived with appellant, did reside for some period of time with an uncle who had been charged by his girl friend with molestation of her minor daughter. Appellant contends that once Aldridge testified concerning the child sexual abuse accommodation syndrome and opined that the victim exhibited characteristics of the syndrome, under the authority of *Hall v. State*, 196 Ga. App. 523, 524-525 (2) (396 SE2d 271) (1990), he should have been permitted to introduce evidence that the victim resided with a man who had been charged with molesting another child.

The State's motion in limine to preclude introduction of any evidence concerning the presence of the uncle or the charges pending against him was considered by the trial court prior to the beginning of the trial. In response to the motion, appellant argued that the evidence was necessary to show the motive of the victim's mother in charging that the victim had been abused and in seeking treatment for her. The trial court rejected this rationale and granted the State's motion, but stated he would reconsider the issue if the evidence later became relevant to some issue raised by the trial testimony. Our review of the transcript discloses appellant never endeavored to introduce the challenged testimony after this ruling. Appellant now argues on appeal that evidence concerning the uncle's presence in the victim's home was relevant to show another possible reason why the victim exhibited characteristics of the sexual abuse syndrome. However, he never sought to introduce the evidence for that purpose at trial and thus never invoked a ruling from the lower court on this argument. "The trial court was not asked to rule on (this) ground and thus there is nothing to review. It is well established that appellate courts may not consider objections to evidence not raised at trial." (Citations and punctuation omitted.) *Riley v. State*, 196 Ga. App. 148, 149 (1) (395 SE2d 394) (1990). Moreover, unlike the circumstances in *Hall*, supra, in the case at bar there was no evidence that the victim had been molested by anyone else, and appellant does not suggest that he could have proffered evidence that the victim was molested by the uncle. Thus, the purpose for which we held in *Hall* that evidence of other molestations was admissible is not present here, and accordingly we hold the trial court did not err by granting the State's

motion to exclude the testimony.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED MAY 28, 1991.

John H. Tarpley, for appellant.

Robert E. Wilson, District Attorney, Barbara B. Conroy, Anne G. Maseth, Assistant District Attorneys, for appellee.