A93A0960. NEAL v. THE STATE.
(436 SE2d 574)

SMITH, Judge.

Manuel Neal was indicted on two counts of aggravated child molestation. At Neal's first trial the jury failed to agree on a verdict, and a mistrial was declared. At the second trial, the jury found Neal guilty

on both counts. He appeals from the judgments of conviction and sentences entered by the trial court on the jury's verdicts.

1. Neal enumerates as error the general grounds. Viewed in the light most favorable to the verdict, the evidence at trial showed that the nine-year-old victim complained to her mother of pain in her side and was taken to Grady Hospital. A physician in Grady's pediatric emergency clinic testified to his examination of the victim. His provisional diagnosis, based upon his examination and a Gram stain test, was one of recent sexual abuse and infection with gonorrhea. After this diagnosis, the victim told her mother that her stepfather, Neal, had raped her, and she recounted the incident to a police officer, a school counselor, and an employee of Grady Hospital's outpatient child psychiatry unit. At trial, the victim testified that Neal removed his clothing, pulled down her underwear, kissed her, placed his mouth on her "private" and then placed his "private" in her "private." When she began to cry, he threatened to stab her mother to death. A rational trier of fact could reasonably find that Neal was guilty of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Neal also enumerates as error the trial court's refusal to allow testimony on retrial that the mother of the victim was a cocaine addict and had casual relationships with numerous men in the family home. This testimony was offered in support of Neal's contention that one of these unidentified men or the mother herself may have molested the victim.

The trial court properly excluded this testimony. Generally, evidence implicating another named individual as the actual perpetrator of the crime is relevant and admissible as tending to exonerate the defendant. *Henderson v. State*, 255 Ga. 687, 689 (1) (341 SE2d 439) (1986); *Walker v. State*, 260 Ga. 737, 738 (1) (399 SE2d 199) (1991). However, this is not the case where no specific individual is accused and the defendant merely speculates that a person or persons unknown may have had the opportunity to commit the crime. *Palmer v. State*, 186 Ga. App. 892, 898 (3) (369 SE2d 38) (1988). " 'The evidence, to be admissible, must be such proof as directly connects the other person with the corpus delicti, and tends clearly to point out someone besides accused as the guilty person. Evidence which can have no other effect than to cast a bare suspicion on another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible. . . .' [Cit.]" *Bradford v. State*, 204 Ga. App. 568, 569 (420 SE2d 4) (1992).

Evidence that the victim resided with another man who had been charged with molesting another child was properly excluded in *Sales v. State*, 199 Ga. App. 791, 792 (2) (406 SE2d 131) (1991). In *Burris v. State*, 204 Ga. App. 806, 809 (2) (420 SE2d 582) (1992), evidence that

another named person with access to the victim had attempted to molest and rape other children in the family was properly excluded because the victim never named that person as a molester and there was no other evidence to indicate that the victim herself was ever molested by that individual. In contrast, though, *Burris* also held that *exclusion* of evidence that the victim had accused yet another individual of molesting her during the same time period was reversible error. 204 Ga. App. at 810.

There is no evidence that any specific person other than Neal ever molested the victim, and Neal has not presented anything other than his own speculation that unknown alleged drug users frequenting his residence may have had the opportunity to molest the victim. The victim consistently identified Neal as the only person who molested her. The testimony proffered by Neal does not meet the requirements for admission set forth in *Henderson*.

3. Neal also contends that the trial court erred in excluding evidence that the victim's mother had told her about the mother's own molestation as a child. The State presented extensive evidence regarding the "child sexual abuse accommodation syndrome" and its symptoms as manifested in the victim. See generally *Allison v. State*, 256 Ga. 851 (353 SE2d 805) (1987). The victim testified to symptoms and behaviors which were identified by an expert witness as consistent with the syndrome. Neal's counsel attempted to cross-examine the victim regarding her mother's own accounts of molestation as a child by her mother and eldest brother. Neal contended this was relevant to show that the source of the victim's complaints could have been information subconsciously absorbed from those accounts.

The trial court sustained the State's hearsay objection to Neal's attempt to elicit this testimony on cross-examination of the victim. The victim's mother testified for the State in the original trial, but did not testify on retrial. When Neal attempted to call the victim's mother to the stand, the State objected on the ground that she had not been subpoenaed, and the trial court sustained the objection. Neal has failed to enumerate as error the trial court's refusal to allow him to subpoena the victim's mother and has presented no argument on that ground. Accordingly, we do not reach that issue. *Pouncey v. Adams*, 206 Ga. App. 126, 129 (2) (424 SE2d 376) (1992).

Generally, evidence of a child victim's prior molestation or other sexual history is inadmissible absent a showing of relevance. See *Woods v. State*, 187 Ga. App. 105 (1) (369 SE2d 353) (1988). However, where the State introduces testimony regarding the child sexual abuse accommodation syndrome and connects the child's behavior to that syndrome, evidence of prior sexual conduct, such as molestation by an identified third person, may become relevant as an alternative explanation for the apparent link to the syndrome. *Hall v. State*, 196

Ga. App. 523, 525 (2) (396 SE2d 271) (1990). "Testimony regarding the syndrome . . . having been properly admitted, the evidence regarding other possible causes of her behavior and injuries was necessary to prevent the jury from reaching the unwarranted conclusion that the only possible explanation for the medical findings and the existence of behavior consistent with the child sexual abuse accommodation syndrome was that the victim had been molested by appellant. Moreover, a jury's awareness that the victim had been molested previously could affect its judgment of the victim's credibility, as the credibility of a young child's report of an improper touching must necessarily be greater if the child has had no occasion to learn about such behavior from prior incidents." Id.; see also *Marion v. State*, 206 Ga. App. 159, 160 (1) (424 SE2d 838) (1992).

If the only issue raised by the evidence in this case was whether the victim concocted or imagined her testimony, the exclusion of evidence that the victim could have acquired information on molestation from a source other than molestation by Neal might be error. However, in view of the overwhelming evidence that the victim was actually molested, including but not limited to the physical evidence of recent sexual abuse and the diagnosis of gonorrhea, any contention that she acquired her knowledge of molestation from her mother's account lacks merit. Such an account, while possibly offering an alternative explanation for the victim's knowledge or behavior, cannot do so for the physical evidence. In view of the positive and consistent testimony of the victim that Neal molested her, and the total lack of evidence that any third party molested her, any error on this ground was harmless.

4. We do not reach the merits of Neal's contention that a mistrial should have been granted due to the prosecutor's comments during closing argument, because trial counsel failed to object to those comments. Neal waived his right to appellate review by failing to object at trial. *Williams v. State*, 251 Ga. 749, 801 (14) (312 SE2d 40) (1983); *York v. State*, 207 Ga. App. 494, 498 (4) (428 SE2d 113) (1993).

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED OCTOBER 13, 1993.

*Kendall & Dixon, Alvin L. Kendall,* for appellant.

*Lewis R. Slaton, District Attorney, Suzanne Wynn, Vivian D. Hoard, Assistant District Attorneys,* for appellee.