## A98A1829. BELL v. THE STATE.
(510 SE2d 589)

RUFFIN, Judge.

A jury found Kenneth Bell guilty of one count of statutory rape, one count of incest, one count of child molestation, and two counts of aggravated child molestation. Bell appeals from his convictions, asserting that the trial court improperly limited his right to a thorough and sifting cross-examination. Because the trial court did not abuse its discretion in sustaining the State's objection on relevancy grounds, we affirm.

"Although a defendant has a right to a thorough and sifting cross-examination of the witness . . . , the scope of cross-examination is not unlimited, and the extent of examination is largely within the discretion of the trial judge and will not be controlled by an appellate court except for abuse of discretion." (Citation omitted.) *Goodrum v. State*, 158 Ga. App. 602, 603 (1) (281 SE2d 254) (1981). Moreover, although "[t]he Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value, . . . the admission or exclusion of evidence which is objected to on the ground of relevancy lies within the sound discretion of the trial court." (Punctuation omitted.) *O'Neal v. State*, 254 Ga. 1, 3 (3) (325 SE2d 759) (1985).

At trial, Bell, the victim's stepfather, attempted to question the victim's mother about an incident in which she had been molested by her own stepfather, Roy King. The victim lived with King and her grandmother during much of the five to seven year period in which she alleged that Bell had molested her. Bell argues that since the victim lived part of the time with King, an alleged "child molester," King

had the opportunity to molest the victim. The trial court sustained the State's objection to this line of questioning on relevancy grounds.

Upon sustaining the State's objection, the trial court allowed Bell to make a proffer of evidence outside of the jury's presence, at which time the victim's mother testified that King had tried to "touch" her approximately three years earlier when she was 25 or 26 years old. According to the victim's mother, she was asleep on the couch when King, who had been drinking, came home and started watching an x-rated movie. When the victim's mother left the couch, he grabbed her and pulled her onto his lap and tried to touch her between her legs, on top of her clothing.

"Generally, evidence implicating another named individual as the actual perpetrator of the crime is relevant and admissible as tending to exonerate the defendant." *Neal v. State*, 210 Ga. App. 522, 523 (2) (436 SE2d 574) (1993). However, to be admissible, the evidence "must be such proof as directly connects the other person with the corpus delicti, and tends clearly to point out someone besides [the] accused as the guilty person. Evidence which can have no other effect than to cast a bare suspicion on another, or to raise a conjectural inference as to the commission of the crime by another, is not admissible." (Punctuation omitted.) Id. In that regard, we have previously upheld a trial court's exclusion of evidence that a victim lived with another man who had been charged with molesting another child when there was no showing that this third party may have abused the victim. See *Sales v. State*, 199 Ga. App. 791, 792 (2) (406 SE2d 131) (1991). Compare *Burris v. State*, 204 Ga. App. 806, 809-810 (2) (420 SE2d 582) (1992) (exclusion of evidence that victim had accused another man of molesting her during the same time period defendant was charged with molesting her constituted reversible error).

In the present case, there is no evidence that King molested the victim. Even if King improperly touched the victim's mother on one occasion, that evidence has no bearing whatsoever on whether he molested the victim. In any event, at the time of this alleged improper touching, the victim's mother was a grown woman, not a child. Most importantly, the victim herself consistently identified Bell as the *only* person who molested her.

Under these circumstances, we find that the trial court did not abuse its discretion when it excluded, as irrelevant, testimony regarding an unrelated allegation of molestation upon a person other than the victim. Accordingly, we affirm Bell's conviction.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 18, 1998.

*Houston & Golub, Phillip N. Golub,* for appellant.
*Richard E. Currie, District Attorney, George E. Barnhill, Assistant District Attorney,* for appellee.