## S05A0393. CARR v. THE STATE.
(612 SE2d 292)

SEARS, Presiding Justice.

The appellant, Christopher Carr, appeals from his conviction for the malice murder of Robert Trowell.[1] On appeal, Carr contends that the trial court erred in refusing to permit him to introduce evidence that allegedly showed that one of his co-defendants previously had shot a person living in the same apartment complex in which Trowell's murder occurred. Because we conclude that the trial court did not

---

[1] The crimes occurred on August 25, 1998. On October 26, 1999, Carr was indicted for malice murder; two counts of felony murder, with armed robbery and aggravated assault serving as the underlying felonies; armed robbery; aggravated assault; and possession of a firearm by a convicted felon. On November 5, 1999, a jury found Carr guilty on all counts. The felony murder charges were vacated by operation of law, see *Malcolm v. State*, 263 Ga. 369, 372-374 (434 SE2d 479) (1993), and the trial court merged the aggravated assault conviction with the conviction for malice murder. On January 4, 2000, the trial court sentenced Carr to life in prison for malice murder; to a consecutive life sentence for armed robbery; and to a consecutive term of five years in prison for the possession offense. Carr filed a timely motion for new trial, and the trial court denied the motion on May 11, 2004. Carr filed a notice of appeal on May 26, 2004, and the appeal was docketed in this Court on October 28, 2004. The case was submitted for decision on briefs on January 17, 2005.

err in excluding this evidence, we affirm Carr's conviction.

1. The evidence authorized a rational trier of fact to find that Carr and his co-defendants, Emmett Harper and Steven Smith, entered an apartment complex about 11:00 a.m. on August 25, 1998; that they visited a friend at her apartment; that Carr left the apartment and went to a laundry room that was located about 15 feet from the door of the apartment that Carr was visiting; that the victim was servicing the coin-operated machines located in the laundry; and that Carr shot and killed the victim for the purpose of taking the money the victim had taken from the machines. Viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Carr guilty beyond a reasonable doubt of the crimes for which he was convicted.[2]

2. At trial, Carr testified that Harper and Smith had planned the murder, and that he (Carr) told Harper and Smith that he did not want to participate. Carr also added that he was not with Harper and Smith when the crime was committed and that Harper shot the victim. To support this defense, Carr sought to introduce evidence that Harper had committed another crime in the same apartment complex. At a hearing out of the presence of the jury, Carr proffered the testimony of the two victims of the crime. After the proffer, the trial court ruled that Carr could not offer evidence that Harper committed the other crime. On appeal, Carr contends that this ruling was erroneous. We disagree.

Although a defendant is entitled to introduce relevant evidence tending to show that another person committed the crime for which he is being tried, the evidence "must raise a reasonable inference of the defendant's innocence, and must directly connect the other person with the corpus delecti, or show that the other person has recently committed a crime of the same or similar nature."[3] Moreover, "[e]vidence that merely casts a bare suspicion on another or raises a conjectural inference as to the commission of the crime by another is not admissible."[4]

In the present case, neither victim of the other crime identified Harper as the perpetrator of the crime, and Carr offered no evidence independent of these witnesses in an attempt to establish that Harper had actually committed the crime in question. Thus, Carr failed to establish that Harper had "recently *committed* a crime of the

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Klinect v. State*, 269 Ga. 570, 573 (501 SE2d 810) (1998). Accord *Watson v. State*, 278 Ga. 763, 771 (604 SE2d 804) (2004); *Livingston v. State*, 271 Ga. 714, 721 (524 SE2d 222) (1999).

[4] *Livingston*, 271 Ga. at 721.

same or similar nature" as the one for which Carr was on trial.[5] Moreover, the proffered evidence of the other crime did not establish that it was similar to the armed robbery and murder of Trowell. Instead, the proffer concerning the other crime established that the assault was over a drug debt, that it occurred in the privacy of the victims' apartment, and that no money was taken from the victims. On the other hand, in the present case, the motive for the crime was robbery and the crime occurred in a laundry room in a common area of the apartment complex. For these reasons, we cannot conclude that the trial court abused its discretion in excluding the evidence in question.[6]

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 26, 2005.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Anne E. Green, Christopher M. Quinn, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Julie A. Adams, Assistant Attorney General*, for appellee.

---

[5] *Klinect*, 269 Ga. at 573.
[6] See *Watson*, 278 Ga. at 771.