## A06A1976. JACKSON v. THE STATE.
(636 SE2d 34)

BLACKBURN, Presiding Judge.

Following a jury trial, Clarence Jesse Jackson appeals his conviction for possessing cocaine with the intent to distribute, arguing that the trial court erred in admitting the cocaine and drug-sale paraphernalia police found in his bedroom when executing a search warrant. Jackson maintains that the affidavit on which the search warrant was based was invalid. Because Jackson made no such objection when the cocaine and paraphernalia were tendered and admitted at trial, we hold that this objection was waived and therefore affirm.

Construed in favor of the verdict, *Short v. State*,[1] the evidence shows that police arrested William Cobb for possessing cocaine, who in turn offered to help police conduct a controlled buy of cocaine from his supplier. The lead officer prepared an unexecuted affidavit to be used after the controlled buy to obtain a search warrant for the supplier's premises. Anticipating that the controlled buy would take place in the supplier's home, he prepared the affidavit to this effect.

When Cobb drove to the supplier's home, the supplier came out of his residence and stepped into Cobb's vehicle, transacting the sale of cocaine to Cobb as Cobb drove a short distance down the street. The supplier then exited the vehicle and returned to his home. Cobb immediately met with the lead officer and gave him the purchased cocaine. Jackson was identified as the supplier.

The officer then went to meet with a magistrate judge to obtain a search warrant for Jackson's home. On his way there, the officer called the magistrate to explain that the affidavit prepared beforehand indicated the sale took place inside Jackson's home whereas in fact the sale took place in Cobb's vehicle near Jackson's home. The magistrate understood this limited discrepancy but instructed it was unnecessary to change the prepared affidavit. The officer executed the affidavit before the magistrate, who then immediately issued a search warrant for Jackson's premises. Police found cocaine and drug-sale paraphernalia in Jackson's bedroom.

Jackson was indicted for selling cocaine, for possessing cocaine with the intent to distribute, and for reckless conduct. At trial, Jackson's counsel cross-examined the lead officer extensively about the inconsistency between his search warrant affidavit and his oral testimony as to the precise location of the cocaine sale to Cobb. When the State thereafter proffered the cocaine and related paraphernalia found in Jackson's bedroom, Jackson raised no objection other than

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

an objection to Jackson's name being on the labels police had placed on the evidence bags. With regard to admitting the cocaine and related paraphernalia themselves, Jackson expressly stated that he had no objection thereto. The court overruled the objection about the labels and admitted the items. After the State nolle prossed the reckless conduct count, the jury found Jackson guilty of possessing cocaine with the intent to distribute but could reach no verdict on the sale of cocaine count, leading to a mistrial on this count.

Jackson moved for a new trial, raising for the first time the argument that the court should have excluded the cocaine and paraphernalia found in his bedroom because the affidavit underlying the search warrant was inaccurate. Following a hearing, the court denied the motion. Jackson appeals.

The entire focus of Jackson's appeal is that the inaccuracy in the affidavit regarding the precise location of the cocaine sale to Cobb rendered that portion of the affidavit defective and thereby invalidated the search warrant, which should have led to the exclusion of the items found in Jackson's bedroom during the execution of the search warrant. Jackson, however, did not object to the admission of these items on this basis below. "Grounds for reversal which may be considered on appeal are limited to those which were argued before the trial court." *Orr v. State.*[2] Indeed, stating he was only concerned about the labels on the evidence bags, Jackson expressly stipulated that he had no objection to the admission of these items per se. The objection to the evidence on the basis of an invalid search warrant, raised for the first time in the motion for new trial, was too late. *Chesser v. State*[3] ("it is too late to pose for the first time in a motion for new trial an original objection to evidence admitted at trial or to modify or expand the scope of an objection made at trial"). See *Sanders v. State*[4] ("[a]n issue raised as a basis for a motion for a new trial which was not asserted during the trial, cannot be asserted on appeal as a basis for reversal"). Jackson's observation that he did not learn of the discrepancy until trial does not explain his agreeing to the admission of the evidence *after* he had just cross-examined the officer about the discrepancy.

Having not objected to the admission of the evidence on this basis during trial, even though fully aware of the discrepancy, Jackson waived this matter. See *Robinson v. State.*[5] We must affirm.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

---

[2] *Orr v. State*, 209 Ga. App. 832, 833 (434 SE2d 723) (1993).

[3] *Chesser v. State*, 228 Ga. App. 164, 165 (1) (a) (491 SE2d 213) (1997).

[4] *Sanders v. State*, 134 Ga. App. 825, 826 (1) (216 SE2d 371) (1975).

[5] *Robinson v. State*, 232 Ga. App. 280, 281 (3) (501 SE2d 536) (1998).

DECIDED AUGUST 8, 2006 —
RECONSIDERATION DENIED AUGUST 30, 2006 —

*J. Alvin Leaphart*, for appellant.

*Stephen D. Kelley, District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.