A09A1394. HUGHES v. THE STATE.
(679 SE2d 121)

BLACKBURN, Presiding Judge.

    His conviction for child molestation having been affirmed by this Court in a prior appeal (see *Hughes v. State*[1]), Robert Hughes appeals the trial court's order that as part of that prior appeal supplemented the appellate record with certain videotape exhibits that had not been included in the record originally transmitted to this Court. He argues that the trial court should have granted him a new trial rather than supplementing the record with reproductions of the missing exhibits. *The irony in Hughes's current argument is that the whole point of supplementing the record with the missing videotape exhibits in the prior appeal was to **assist** him in that prior appeal, in that those exhibits were necessary to review the enumerations of error he was asserting in his appeal.* Setting aside the irony, we hold that inasmuch as the trial court certified those exhibits as "true, fair, and accurate reproductions" of the original exhibits submitted at trial, there is no error in the present appeal, and we therefore affirm.

    In the prior appeal of his child molestation conviction, Hughes challenged the sufficiency of the evidence and also enumerated as

---

error the trial court's ruling that allowed the State to introduce two videotapes of interviews with the child victim. *Hughes*, supra, 297 Ga. App. at 582 (2). With regard to the latter enumeration, Hughes claimed that the interviews were replete with leading questions that suggested the answers to the child and that the interviews did not meet the indicia of reliability. Id. These videotapes were played to the jury but not transcribed by the court reporter.

To properly and thoroughly review these enumerations asserted by Hughes in the prior appeal, this Court necessarily had to view the untranscribed videotapes of interviews with the child victim. Also, to determine the sufficiency of the evidence, this Court had to view a videotape of the highlights of an interview with Hughes (the full videotape of this interview was also an exhibit in the record), which redacted version was similarly played to the jury without transcription. However, the court clerk here transmitted the record to this Court which did not include any of the four videotapes. Hughes's notice of appeal had instructed the court clerk to omit nothing.

Therefore, in an effort to complete the record so that we could give proper consideration to the errors enumerated by Hughes in his prior appeal, this Court ordered the clerk of the trial court to supplement the record with these four videotapes. Unfortunately, the clerk in fact did not have these videotapes on file, as they had apparently been checked out to the district attorney's office two years earlier (some time after Hughes had filed his motion for new trial but without any clear notation in the evidence log) and never returned.[2] The district attorney's office filed a pleading with this Court, claiming that despite best efforts, the videotapes could not be located and appeared to be irretrievably lost. The district attorney pointed out, however, that copies of the three unredacted tapes had been given to Hughes's counsel as part of pre-trial discovery, and that Hughes's counsel could therefore possibly supply such to the trial court to allow copies to be made so as to complete the record.

Accordingly, this Court ordered the trial court to conduct a thorough hearing to determine the whereabouts of the missing videotapes and, if the tapes were available, to immediately transmit them to this Court so as to allow Hughes's appeal to proceed. This Court instructed that at that hearing, the trial court should also determine the circumstances that allowed these exhibits to leave the

---

[2] The trial court below stated in its order that pursuant to OCGA § 17-5-55 (a), the court reporter was designated as the custodian of the evidence during the trial of the case, although there is nothing in the record to reflect this designation. Indeed, the evidence log filed in the case would seem to indicate that the district attorney, rather than the court clerk, was designated as the custodian of the evidence. The resolution of this discrepancy, however, is not essential to the disposition of the present appeal.

possession of the custodian without proper notation in the log, and further to determine whether the requirements of OCGA § 17-5-55 had been followed (and if not, whether appropriate sanctions should be issued). If the trial court determined that the tapes were irretrievably lost, this Court instructed the trial court to inquire at the hearing whether other copies of the exhibits (such as possibly those given to Hughes's counsel in pre-trial discovery) could be certified and filed with the trial court so as to complete the record.

The trial court conducted the requested hearing and determined that the original exhibits were irretrievably lost. After receiving Hughes's counsel's tapes from pre-trial discovery as well as testimony from several witnesses, the trial court was able to reproduce the four missing videotape exhibits, which it then immediately transmitted to this Court, accompanied by an order in which the trial court found that the four reproduced tapes were "true, fair, and accurate reproductions" of the missing trial exhibits. Based on our review of those tapes as well as other matters in the record, we affirmed Hughes's conviction as supported by the evidence and further held that the two child interviews were properly admitted. *Hughes*, supra, 297 Ga. App. at 582 (2).

Hughes appeals the order that certified the accuracy of the videotapes transmitted to this Court. First, Hughes claims that his counsel should not have been forced to turn over the tapes to the trial court, as such was somehow an act of self-incrimination. The irony, of course, is that Hughes needed these tapes to be included in the appellate record so that this Court could review the enumerations of error that he raised in that prior appeal. The jury that found Hughes guilty had already seen these tapes as part of the trial evidence, which evidence this Court needed to review to determine if that evidence sufficed to sustain the verdict (and to determine if two of those videotapes were admissible). Requiring Hughes's counsel to turn over her copy of these tapes to the trial court was not an act of incrimination against Hughes but rather was an effort to allow Hughes to complete the record in his own appeal so as to permit this Court to review his enumerations of error.

Second, Hughes's counsel claims that the sound quality of her copy of one of the child-victim interviews was inadequate to allow this Court to review the same. However, the trial court certified that the copy was a true, fair, and accurate reproduction of what the jury heard. Moreover, as set forth in our opinion in the prior appeal, we were able to review the audio in these tapes so as to make the following conclusions:

> Our review of the videotapes confirms that, although reticent, the stepdaughter appeared generally to be in a

good physical and emotional condition, and that her responses reflected a degree of spontaneity and credibility. Even though the interviewers occasionally asked leading questions, the stepdaughter more often gave longer narratives of the events, corrected the interviewer as to details, and readily disagreed with conclusory remarks of the interviewer where such did not comport with her memory.

(Citation omitted.) *Hughes*, supra, 297 Ga. App. at 583-584 (2).

Finally, Hughes raises a concern that the State was allowed to make a redacted version of one of the tapes produced by Hughes's counsel so as to recreate a trial exhibit of the redacted version shown to the jury. The trial court heard evidence on this very matter and determined that the newly-redacted version accurately represented what was shown to the trial jury. Hughes's unsupported claim in his brief that his trial counsel had no opportunity to review this newly-redacted exhibit is belied by the transcript of the hearing, when she stated she would be in the courthouse to do just that once the exhibit was created that same day.

As Hughes's complaints have no merit, we can discern no error. Accordingly, we affirm.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED MAY 22, 2009.

*Brenda J. Bernstein*, for appellant.
*Daniel J. Porter, District Attorney, William C. Akins, Assistant District Attorney*, for appellee.