## A10A0183. FAULKNER v. THE STATE.
(697 SE2d 914)

BERNES, Judge.

Jeffery Van Allen Faulkner appeals from his conviction of sale of cocaine[1] and the denial of his motion for a new trial. In his sole enumeration of error, Faulkner contends that his trial counsel rendered ineffective assistance by failing to obtain an electronic enhancement of a videotape depicting the drug sale, which allegedly would have shown that Faulkner was not the perpetrator of the offense. For the reasons that follow, we affirm.

Viewed in the light most favorable to the verdict,[2] the evidence adduced at trial shows that on the afternoon of February 21, 2000, officers with the Hall County Multi-Agency Narcotics Squad conducted an undercover investigation in response to complaints about drug activity in a certain area of Hall County. An undercover officer arrived in the area. Faulkner approached the officer's vehicle and sold the officer less than a gram of cocaine in exchange for $20. The officer's vehicle was equipped with a hidden video camera, which recorded the drug sale.

After the sale was completed, the undercover officer returned to police headquarters, placed the drugs in the evidence locker, and watched the videotape of the sale with the other investigating officers. Faulkner's face was unclear due to reflected sunlight. Because the officers were unable to identify him by name, they returned to the scene in efforts to ascertain Faulkner's identity.

The officers arrived back at the scene within an hour of when the drug sale initially took place. The undercover officer saw that Faulkner was still standing in the location where they had consummated the sale. The undercover officer immediately recognized Faulkner, noting that Faulkner was still wearing the same type of clothing that he had worn during the sale — a blue jacket with a white shirt. No one else in the area matched Faulkner's description or his clothing. The undercover officer identified Faulkner as the individual who had sold him the drugs, and the other officers

[1] OCGA § 16-13-30 (b).

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

observed that Faulkner matched the description of the perpetrator depicted in the videotape. The other officers then approached Faulkner and obtained his identification. Faulkner was later arrested and charged with sale of the cocaine.

At trial, the undercover officer testified regarding the circumstances of the drug sale and described the perpetrator as being a black male, approximately 6' 2" in height, weighing 200 pounds. The undercover officer positively identified Faulkner as the perpetrator, although he noted that Faulkner had grown more hair and had gained weight by the time of trial. Notwithstanding the difference in Faulkner's appearance at trial, the undercover officer was unequivocal in his in-court identification of Faulkner. The officer testified that he had gotten a good look at Faulkner's face during the sale when Faulkner had leaned into his vehicle and was within six inches of him in the daylight.

The videotape of the drug sale was admitted into evidence and played for the jury at trial. During the defense's cross-examination of the undercover officer, the videotape was replayed and paused to freeze the frame while Faulkner stood next to the television screen to allow a comparison of Faulkner and the individual depicted in the videotape. The undercover officer maintained that Faulkner was the same individual depicted in the videotape of the sale. While the undercover officer conceded that the video equipment was not "state of the art" and did not adjust to light in its transmission of the images, he further stated that he was not relying upon the videotape for his identification of Faulkner. Rather, the undercover officer testified that his identification of Faulkner was based upon his personal observations at the time of the sale, and that the purpose of the videotape was simply to show that the drug transaction had occurred.

During the course of deliberations, the jury made three requests to have the videotape re-played for their viewing. The trial court granted each of the jury's requests. Thereafter, the jury returned a verdict, finding Faulkner guilty of the charged offense.

Following his conviction, Faulkner filed a motion for a new trial, arguing that his trial counsel was ineffective for failing to obtain enhancement of the videotape in support of his mistaken identity defense. Faulkner's new counsel sought and obtained an order directing the Georgia Bureau of Investigation to analyze and enhance the videotape evidence. Faulkner alleged that the enhanced images amounted to newly discovered evidence showing that he was not the perpetrator depicted in the videotape. After reviewing the evidence and conducting a hearing on the matter, the trial court denied Faulkner's motion for a new trial, finding that the enhanced

images did not raise a question as to the state's evidence of identity. We discern no error.

> To establish ineffective assistance of counsel, the defendant must show that trial counsel's performance was deficient and that this deficiency prejudiced the defense. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by former counsel does not require a finding that defendant's original representation was inadequate. . . . A trial court's finding that a defendant has been afforded effective assistance of counsel must be upheld unless that finding is clearly erroneous.

(Citations and punctuation omitted.) *Nolan v. State*, 204 Ga. App. 170, 172 (3) (419 SE2d 72) (1992). Faulkner has not established that the trial court's finding in this case was clearly erroneous.

Pretermitting whether trial counsel's performance was deficient due to his failure to obtain an electronic enhancement of the videotape prior to trial, Faulkner has failed to show that he was prejudiced as a result of trial counsel's inaction. The record shows that Faulkner was granted the opportunity to obtain enhanced images from the videotape in support of his claim for post-conviction relief. The enhanced images upon which Faulkner relies in support of his claim have been included in the record for our consideration. Upon its examination of the evidence, the trial court concluded that the state's evidence identifying Faulkner as the perpetrator was "strong and convincing" and that Faulkner's enhanced images "d[id] little to cause a question as to the [s]tate's evidence of identity." We likewise conclude that the enhanced images fail to create a reasonable probability that Faulkner was not the perpetrator depicted in the images.

At trial, the undercover officer unequivocally identified Faulkner as the perpetrator based upon his personal observations and independent memory of Faulkner at the time of the drug sale. Thus, notwithstanding the lack of clarity in the videotaped images, the undercover officer's in-court identification of Faulkner authorized the jury's guilty verdict. See *Cooper v. State*, 265 Ga. App. 137, 138-139 (2) (592 SE2d 908) (2004) (affirming sale of cocaine conviction, notwithstanding evidence that the video recording device was not functioning properly); *Cleveland v. State*, 204 Ga. App. 101, 102 (1) (418 SE2d 430) (1992) (affirming sale of cocaine conviction based upon undercover officer's identification of defendant, notwithstand-

ing evidence that the videotape was recorded in dim light and provided only a fleeting glimpse of defendant). Faulkner has failed to show that based upon the enhanced images, there was a reasonable probability that the outcome of the trial would have been different.

And, while Faulkner attempted to prove that another individual was the perpetrator depicted in the videotape's images, he failed to proffer sufficient evidence in support of his claim.

> Although a defendant is entitled to introduce relevant evidence tending to show that another person committed the crime for which he is being tried, the evidence must raise a reasonable inference of the defendant's innocence, and must directly connect the other person with the corpus delecti, or show that the other person has recently committed a crime of the same or similar nature. Moreover, evidence that merely casts a bare suspicion on another or raises a conjectural inference as to the commission of the crime by another is not admissible.

(Punctuation and footnotes omitted.) *Carr v. State*, 279 Ga. 271, 272 (2) (612 SE2d 292) (2005). See also *Allen v. State*, 268 Ga. App. 519, 532 (4) (602 SE2d 250) (2004). At the motion for new trial hearing, Faulkner introduced the photograph and criminal record of the other individual who he alleged was the perpetrator shown in the videotape. But notwithstanding Faulkner's allegations, the photographs of the other individual together with the enhanced images did not create a reasonable probability that the perpetrator was the other individual, rather than Faulkner.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED JULY 6, 2010.

*Summer & Summer, Daniel A. Summer*, for appellant.
*Lee Darragh, District Attorney, Alison W. Toller, Assistant District Attorney*, for appellee.

